

09 CIV 7134

| A CERTIFIED TRUE COPY |
|---|
| ATTEST |
| By April Layne on Aug 11, 2009 |
| FOR THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION |



UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 11, 2009

FILED
CLERK'S OFFICE

IN RE: RYE SELECT BROAD MARKET PRIME FUND
SECURITIES & EMPLOYEE RETIREMENT INCOME
SECURITY ACT (ERISA) LITIGATION

MDL No. 2075

## TRANSFER ORDER

**Before the entire Panel**[*]: Austin Capital Management, Ltd. (Austin Capital) and affiliated entities[1] have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of three actions in their entirety along with the ERISA claim against ACM in a fourth action for coordinated or consolidated pretrial proceedings in the Western District of Texas or, alternatively, the Southern District of New York. These legal proceedings are listed on Schedule A and pending in three districts as follows: one action each in the Southern District of New York (*Construction*), the Eastern District of Pennsylvania and the Western District of Texas; and one claim in another Southern District of New York action.[2]

Responding plaintiffs in the New York *Construction* action and the Pennsylvania action agree that centralization is appropriate, and suggest the district wherein their action is pending as transferee forum. Outside auditor Rothstein Kass & Co., P.L.L.C. (Rothstein Kass), a defendant in this New York action, opposes inclusion of the claims against it in MDL No. 2075 proceedings in Western District of Texas and asks the Panel to separate and simultaneously remand the claims to the Southern District of New York.

---

[*] Judge Vratil took no part in the disposition of this matter.

[1] Austin Capital Management GP Corp., Charles W. Riley, Brent A. Martin, James P. Owen, Robert Wagner, David C. Brown and David E. Friedman (collectively ACM).

[2] This action (*Peshkin*) was originally filed in the Southern District of New York and included in MDL No. 2052. The ERISA claim before us in *Peshkin* is count XIV of the operative "state law" complaint in what has become the *Peshkin* consolidated action. This claim was previously embodied in another action originally filed in the Southern District of New York, Laborers Local 17 Pension Plan, et al. v. Tremont Group Holdings, Inc., et al., S.D. New York, C.A. No. 1:09-2505.

In addition, the parties have informed the Panel that two additional actions are pending, one action each in the Eastern District of Pennsylvania and the District of New Mexico. These actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

A CERTIFIED COPY
J. MICHAEL McMAHON, CLERK

BY _____ DEPUTY CLERK

- 2 -

The MDL No. 2052 Tremont defendants[3] in the other New York action (*Peshkin*) do not oppose the motion insofar as it seeks to sever count XIV brought against ACM for violation of ERISA and to transfer this claim from MDL No. 2052 for inclusion in MDL No. 2075 proceedings. The New York *Peshkin* plaintiffs oppose carving the ERISA claim against ACM out of the MDL No. 2052 litigation and centralizing this ERISA claim with the other three actions in the Western District of Texas. If the Panel deems centralization appropriate, these plaintiffs support centralization of the MDL No. 2075 actions in the New York district.

The Western District of Texas defendants – The Texas Iron Workers' Pension Fund and its board of trustees (collectively Texas Iron Workers) – oppose inclusion in MDL No. 2075 proceedings, arguing that the Texas Iron Workers have initiated an arbitration proceeding that provides the only appropriate forum for resolution of their dispute with ACM.

On the basis of the papers filed and hearing session held, we find that the three actions and the ERISA claim against ACM in the Southern District of New York *Peshkin* action involve common questions of fact. Centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These four proceedings share factual questions relating to whether ACM performed adequate due diligence before investing ACM funds with Bernard L. Madoff and Bernard L. Madoff Investment Securities LLC. This litigation will likely focus on a significant number of common events, defendants, and/or witnesses. *See In re Lehman Brothers Holdings, Inc., Securities & Employee Retirement Income Security Act (ERISA) Litigation*, 598 F.Supp.2d 1362 (J.P.M.L. 2009). Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Although the Texas Iron Workers prefer arbitration to resolve their differences with ACM, the latter questions whether arbitration is required. The transferee court is in the best position to resolve this matter with an eye toward streamlining the entire litigation before us. Similarly, any claims against outside auditor Rothstein Kass can be expeditiously handled in the context of this MDL proceeding.

We are persuaded that the Southern District of New York is an appropriate transferee district for this litigation, because (1) parties, witnesses and documents are likely located in the New York vicinity, and (2) most responding parties agree, at least in the alternative, that the New York district is a suitable transferee forum.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Thomas P. Griesa for coordinated or consolidated pretrial proceedings with the *Construction* action pending there and listed on Schedule A.

---

[3]Tremont Group Holdings, Inc.; Tremont Partners, Inc.; and Rye Investment Management (collectively Tremont).

- 3 -

IT IS FURTHER ORDERED that the claim against ACM in the Southern District of New York *Peshkin* consolidated action (count XIV of the operative complaint) which is currently included in MDL No. 2052 proceedings and listed on Schedule A is severed and included in MDL No. 2075 proceedings in this district.

IT IS FURTHER ORDERED that this docket is renamed as follows: IN RE: Austin Capital Management, Ltd., Securities & Employee Retirement Income Security Act (ERISA) Litigation.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Robert L. Miller, Jr.          Kathryn H. Vratil*
David R. Hansen                W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.

IN RE: RYE SELECT BROAD MARKET PRIME FUND
SECURITIES & EMPLOYEE RETIREMENT INCOME
SECURITY ACT (ERISA) LITIGATION                          MDL No. 2075

## SCHEDULE A

Southern District of New York

Richard Peshkin, et al. v. Tremont Group Holdings, Inc., et al., C.A. No. 1:08-11183
    (State law consolidated complaint, count XIV only)
Construction Industry & Laborers Joint Pension Trust, et al. v. Austin Capital Management, Ltd., et al., C.A. No. 1:09-3614

Eastern District of Pennsylvania

Pension Fund for Hospital & Health Care Employees - Philadelphia & Vicinity, et al. v. Austin Capital Management, Ltd., C.A. No. 2:09-615

Western District of Texas

Austin Capital Management, Ltd. v. The Board of Trustees of the Texas Iron Workers' Pension Fund, et al., C.A. No. 1:09-351

A CERTIFIED TRUE COPY
ATTEST
By April Layne on Aug 12, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDGE GRIESA

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Aug 12, 2009**

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AUSTIN CAPITAL MANAGEMENT, LTD.,
SECURITIES & EMPLOYEE RETIREMENT INCOME
SECURITY ACT (ERISA) LITIGATION

MDL No. 2075

### ORDER RENAMING LITIGATION

When this litigation was commenced on May 8, 2009, with the filing of a motion by defendants Austin Capital Management, Ltd., Austin Capital Management GP Corp., Charles W. Riley, Brent A. Martin, James P. Owen, Robert Wagner, David C. Brown and David E. Friedman, for transfer pursuant to 28 U.S.C. § 1407, the Clerk of the Panel captioned it as *IN RE: Rye Select Broad Market Prime Fund Securities & Employee Retirement Income Security Act (ERISA) Litigation.* Pursuant to the Panel's Transfer Order issued on August 11, 2009, it is appropriate at this time to rename MDL No. 2075.

IT IS THEREFORE ORDERED that this litigation is renamed as *IN RE: Austin Capital Management, Ltd., Securities & Employee Retirement Income Security Act (ERISA) Litigation.*

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel